**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Southwest Fair Housing Council Incorporated, et al.,

Plaintiffs,

v.

Maricopa Domestic Water Improvement District, et al.,

Defendants.

No. CV-17-01743-PHX-DWL

**ORDER**

Pending before the Court is Defendants' motion to amend their answer to add the affirmative defense of unclean hands. (Doc. 71.) Defendants argue (1) they recently learned that Plaintiffs' investigator has encouraged tenants to violate their leases by not paying their water bills and (2) the proposed amendment won't prejudice Plaintiffs or cause undue delay because the discovery deadline isn't until May 31, 2019. (*Id.* at 1-4.)

Plaintiffs oppose this request. (Doc. 72.) They contend (1) the amendment is futile because their claims arise under the Fair Housing Act, yet unclean hands is never a defense in "actions enforcing civil rights under statutes that authorize equitable relief," and (2) the facts proffered by Defendants wouldn't, in any event, support an unclean hands defense because Plaintiffs seek to challenge "long-standing practices" that were in existence "long before and independent of any conduct by" their investigator. (*Id.* at 3-4.)

In their reply, Defendants argue (1) the alleged misconduct may be "relevant to the question of whether [Plaintiffs] suffered a frustration of mission and diversion of resources

sufficient to confer standing," (2) they aren't required, at the pleading stage, to spell out all of the facts supporting their affirmative defense and simply need to describe it in "general terms," (3) the cases cited by Plaintiffs are distinguishable, and (4) the alleged misconduct may be relevant to the range of equitable remedies available and to Plaintiffs' claim for monetary damages. (Doc. 74.)

Defendants' motion to amend will be granted. Rule 15(a)(2) provides that leave to amend should be granted "freely" when "justice so requires." Here, although Plaintiffs argue the unclean hands defense has limited applicability in civil rights actions, they haven't established that it is categorically unavailable in FHA cases. *Cf. Ramirez v. Greenpoint Mort. Funding, Inc.*, 268 F.R.D. 627, 638 (N.D. Cal. 2010) (declining to resolve whether the defense "could succeed 'under no set of circumstances'" and conducting only a likelihood-of-success analysis); *see also Silvas v. G.E. Money Bank*, 449 Fed. App'x 641, 644 (9th Cir. 2011) ("[T]he district court . . . concluded generally that Silvas was barred from equitable relief [in lawsuit raising claims under the FHA and the Truth in Lending Act] under the doctrine of unclean hands. We affirm the district court's denial of a preliminary injunction on this basis."). Accordingly, the Court is not prepared to find—at least at this early juncture—that the defense is inapplicable as a matter of law to all issues that may arise in this case (*i.e.,* futile).

Accordingly, **IT IS ORDERED** that:

(1)  Defendants' motion to amend (Doc. 71) is **GRANTED**; and

(2)  Defendants must, pursuant to LRCiv 15.1(a), file and serve the amended answer on all parties under Rule 5 of the Federal Rules of Civil Procedure within 14 days of today's date.

Dated this 4th day of February, 2019.

_____
Dominic W. Lanza
United States District Judge