WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Southwest Fair Housing Council Incorporated, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Maricopa Domestic Water Improvement District, et al., <br><br> Defendants. | No. CV-17-01743-PHX-DWL <br><br> **ORDER** |

Pending before the Court is Plaintiffs' Rule 60(b) motion. (Doc. 114.) As explained below, the Court is inclined to deny the motion, because it appears unnecessary to achieve the outcome that Plaintiffs desire, but will allow Plaintiffs to file a supplemental brief by **April 8, 2020**.

## BACKGROUND

Plaintiffs initiated this action in June 2017. (Doc. 1.) They ultimately sued two defendants, the Maricopa Domestic Water Improvement District ("MDWID") and Pinal County. (Doc. 40.)

In February 2019, Plaintiffs informed the Court they had reached a settlement with Pinal County. (Doc. 79.)

On February 21, 2020, the Court granted MDWID's motion for summary judgment. (Doc. 111.) Because the Court was under the impression that Plaintiffs' previously announced settlement with Pinal County disposed of all other claims in the case (*id.* at 16),

the Court directed the Clerk to enter judgment and terminate this action. The Clerk did so the same day. (Doc. 112.)

On March 10, 2020, Plaintiffs filed a motion for relief under Rule 60(b). (Doc. 114.) The motion states that Plaintiffs and Pinal County didn't actually finalize their settlement agreement until March 5, 2020—that is, about two weeks after judgment was entered—and the settlement agreement contains a clause allowing Plaintiffs to file an application for attorneys' fees against Pinal County within 35 days of execution (*i.e.,* by April 9, 2020). (*Id.* at 2-3.) The motion also notes that (1) under the settlement agreement, Plaintiffs aren't required to formally dismiss their claims against Pinal County until seven days after resolution of the fee litigation, and (2) the settlement agreement contains a clause requiring the Court to retain jurisdiction over Pinal County and Plaintiffs for the limited purpose of enforcing the settlement agreement. (*Id.* at 3.) Thus, Plaintiffs ask the Court to "reopen[] this case and temporarily set[] aside the judgment . . . to enable plaintiffs and defendant Pinal County to complete the terms of their settlement." (*Id.* at 1.)

Although Pinal County doesn't oppose Plaintiffs' motion, MDWID does. In a response filed on March 25, 2020, MDWID argues that (1) Plaintiffs cannot satisfy the applicable standard for relief under Rule 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect") or Rule 60(b)(6) ("any other reason that justifies relief"), which are the only two potentially applicable subdivisions of Rule 60(b), because Plaintiffs "delayed for more than a year to finalize their settlement" with Pinal County and thus knowingly took on the risk "that the Court would grant the District's motion for summary judgment and terminate the case," and (2) granting the motion would cause MDWID to suffer prejudice in the form of uncertainty as to how long the appellate proceedings may be delayed. (Doc. 118.)

In reply, Plaintiffs argue they are entitled to relief under Rule 60(b)(1) and/or Rule 60(b)(6) because "the settlement between plaintiffs and Pinal County was not finalized until Pinal County exhausted its attempts to reach an agreement with MDWID to reform its public housing policies, a requirement of the settlement between plaintiffs and Pinal

County. For several months, MDWID led plaintiffs and Pinal County to believe that such a reform agreement was not only acceptable to MDWID, but imminent – until MDWID disavowed that intention on January 7, 2020." (Doc. 120 at 2-6.) On this point, Plaintiffs conclude:

> Th[e] history of the settlement negotiations amongst the parties reflects that plaintiffs did not sit on their rights or fail to complete the settlement with Pinal County because of a lack of diligence. Rather, both plaintiffs and Pinal County believed that Pinal County could reach agreement with MDWID as part of their settlement with plaintiffs. The fact that plaintiffs and Pinal County's reasonable belief proved mistaken does not support denying plaintiffs' motion to reopen the judgment to allow plaintiffs and Pinal County to conclude the terms of their settlement agreement.

(*Id.* at 6.) Finally, as for MDWID's prejudice argument, Plaintiffs argue that mere delay in the resolution of proceedings doesn't constitute cognizable prejudice and it will suffer real harm if its motion is denied. (*Id.* at 6-7.)

## REQUEST FOR SUPPLEMENTAL BRIEFING

Rule 60(b)(6) of the Federal Rules of Civil Procedure provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." *Id.* Although "Rule 60(b) vests wide discretion in courts, . . . relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.' In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Buck v. Davis*, 137 S.Ct. 759, 777-78 (2017) (citations omitted).

Here, on the one hand, the Court is inclined to grant relief to Plaintiffs to the extent judicial action is necessary to avoid injustice and effectuate the settlement agreement. The Court was under the misimpression at the time it issued its February 21, 2020 order that Plaintiffs' settlement with Pinal County was already finalized, Plaintiffs have established they were diligently working to finalize the settlement for much of 2019, and, most important, MDWID isn't even a party to the settlement agreement and wouldn't suffer any

cognizable prejudice (beyond, perhaps, some delay in the appellate proceedings) if Plaintiffs' motion were granted. Thus, the equities favor Plaintiffs.

On the other hand, it's not entirely clear that the Court needs to vacate the judgment in order to effectuate the settlement agreement. The primary reason why Plaintiffs seek to vacate the judgment is so they can litigate their entitlement to attorneys' fees against Pinal County. However, attorney-fee litigation typically occurs after the entry of judgment. *See* Fed. R. Civ. P 54(d)(2)(B) (noting that "the motion [for attorneys' fees] must . . . be filed no later than 14 days after the entry of judgment" and must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award"); LRCiv 54.2(b)(2) & (c)(1) (same). *See generally Oskowis v. Sedona Oak-Creek Unified Sch. Dist. No. 9*, 2019 WL 1894719, *3 (D. Ariz. 2019) (stating that because Rule 54(b) requires a party seeking attorneys' fees to specify the judgment entitling it to relief, and "[a] movant can't specify a judgment that doesn't exist yet . . . , the best interpretation of Rule 54(d)(2) is that a motion for attorneys' fees is premature if a judgment hasn't been entered"). Thus, even if the existing judgment remains in place, it doesn't bar Plaintiffs from moving for attorneys' fees against Pinal County.[1] Also, although Rule 54(b) and the Local Rules contemplate that a motion for attorneys' fees will be filed within 14 days of entry of judgment— meaning the deadline here was March 6, 2020—those deadlines can be extended and the Court is willing to extend the deadline here to April 9, 2020 (to match the deadline set forth in the settlement agreement).

The other two reasons why Plaintiffs seek vacatur of the judgment are (1) the settlement agreement provides that Plaintiffs won't formally dismiss their claims against

---

[1] The judgment states that "pursuant to the Court's Order filed February 21, 2020, which granted the Motion for Summary Judgment, judgment is entered in favor of defendant and against plaintiff. Plaintiff to take nothing, and the complaint and action are dismissed." (Doc. 112.) At first blush, this wording might suggest that judgment was entered against Plaintiffs on all of their claims. However, when read in conjunction with the summary judgment order (which the judgment incorporates by reference), it only constitutes an adverse judgment against Plaintiffs as to their claims against MDWID. In contrast, the judgment reflects that Plaintiffs' claims against Pinal County were dismissed pursuant to a settlement agreement. *Cf. Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2002) ("Under applicable Ninth Circuit law, a plaintiff 'prevails' [for purposes of fee litigation] when he or she enters into a legally enforceable settlement agreement against the defendant.").

Pinal County until after the fee litigation is complete, and (2) Plaintiffs and Pinal County wish for the Court to retain jurisdiction over them, following settlement, to enforce the terms of the settlement agreement. The first reason is not compelling. The dispute between Plaintiffs and Pinal County is effectively over, except for fees, and the usual practice, as noted above, is to litigate fees after judgment has been entered. It is therefore unclear why vacating the judgment now—so that Plaintiffs can, weeks or months later, formally move to re-dismiss the claims that have been already dismissed pursuant to the judgment—is necessary to avoid injustice and maintain the public's confidence in the judicial process.

As for the second reason, although it's true that a federal court may retain jurisdiction over a case that has settled, this is not the usual approach. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) ("[A]utomatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business. If the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so."). Thus, "if parties wish to have a district court retain jurisdiction to enforce a settlement, they must apply for that relief and allow the court to make a reasoned determination as to whether retention is appropriate." *Cross Media Mktg. Corp. v. Budget Mktg., Inc.*, 319 F. Supp. 2d 482, 483 (S.D.N.Y. 2004). A district court may "properly decline to retain jurisdiction where the administration of a settlement threatened to impose undue burdens on it." *Id. See also Camacho v. City of San Luis*, 359 Fed. App'x 794, 798 (9th Cir. 2009) ("[I]t was the court's prerogative not to retain jurisdiction over any disputes raised by the [settlement]."). Here, Plaintiffs have not attempted to explain why the Court's continued jurisdiction is required, how long they expect such jurisdiction to be necessary, or why they would be unable to achieve adequate relief in state court—which is the traditional avenue for seeking relief following the breach of a contract—should Pinal County renege on its contractual responsibilities under the settlement agreement. *Cf. Brass Smith, LLC v. RPI Indus., Inc.*, 827 F. Supp. 2d 377, 380-82 (D.N.J. 2011) (emphasizing that "[a] settlement agreement is a contract, and a dispute over the settlement agreement is governed by state contract law," that "[t]he Federal Rules

of Civil Procedure and federal case law . . . establish that a court is under no obligation to retain jurisdiction over a settlement agreement," and that even if a court chooses in its discretion to retain jurisdiction, "there is no authority that states that a court shall exercise jurisdiction indefinitely"). Thus, it is doubtful that this rationale supports relief under Rule 60(b)(6).

For all of these reasons, the Court is inclined to deny Plaintiffs' Rule 60(b) motion, to the extent it seeks vacatur of the judgment entered on February 21, 2020, but clarify that Plaintiffs have until **April 9, 2020** to file an application for attorneys' fees against Pinal County. Nevertheless, because this order addresses some topics and considerations that weren't addressed in the parties' motion papers, the Court will afford Plaintiffs an opportunity to respond. Plaintiffs may file an optional supplemental brief by **April 8, 2020**. If no such brief is filed, the Court will enter an order denying the Rule 60(b) motion but clarifying that the deadline for Plaintiffs' application for attorneys' fees against Pinal County has been extended to April 9, 2020.

Dated this 3rd day of April, 2020.

_____
Dominic W. Lanza
United States District Judge

Cc: 9th Circuit Court of Appeals